**Edward RICO, Appellant,**

v.

**DEPARTMENT OF VETERANS AFFAIRS, Respondent.**

No. C8–86–1877.

Court of Appeals of Minnesota.

April 28, 1987.

William Starr, Starr and Foster, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Steven M. Gunn, Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered, and decided by POPOVICH, C.J., and LANSING and RANDALL, JJ.

## OPINION

RANDALL, Judge.

Following termination of his employment, Rico moved for a "just cause" hearing pursuant to Minn.Stat. § 43A.33 (1984). The administrative law judge (ALJ) found appellant was not entitled to a "just cause" hearing, and he dismissed the matter for lack of jurisdiction. Rico appeals. We affirm.

## FACTS

Appellant Edward Rico worked as a Personnel Director II for 9½ years in the Department of Veterans' Affairs (DVA). The Personnel Director II position was classified as a civil service position. On September 21, 1984, William J. Gregg, Commissioner of the DVA asked the Commissioner of the Department of Employee Relations to convert the classified position of Personnel Director II to an unclassified position, Assistant to the Commissioner. The request was granted on October 22, 1984. Commissioner Gregg notified appellant of the change and appointed appellant to the new position. Appellant was given an approved leave from the classified service to accept the appointment.

On July 25, 1986, Commissioner Gregg advised appellant by letter that he was removing appellant from the Assistant Commissioner position. The Commissioner informed appellant that, because he had been a Personnel Director II in the classified service prior to his appointment to the unclassified position, he was entitled to return to a Personnel Director II position. He further advised appellant that, under department rules, because the Personnel Director II position had been abolished, appellant had the right to bump the least senior Personnel Officer, Senior or accept a layoff. Appellant accepted the layoff.

Appellant brought an action in Hennepin County District Court, and he commenced this action through the Office of Administrative Hearings (OAH), claiming he was entitled to a "just cause" hearing under Minn.Stat. § 43A.33 (1984). Section 43A.33 states, in part, "[n]o permanent employee in the classified service shall be * * discharged * * * except for just cause." Procedures for a "just cause" hearing are set out in Minn.Stat. § 43A.33, subd. 3 (1984). The DVA moved for dismissal, claiming the OAH lacked jurisdiction. DVA argued only classified employees are entitled to a "just cause" hearing under § 43A.33, and appellant was not a classified employee. The ALJ agreed and dismissed the matter for lack of jurisdiction. Rico petitioned the clerk of this court for, and was granted, writ of certiorari. Neither party filed briefs on appeal, and each relied on its briefs presented at the administrative level.[1]

Rico claimed, in his memorandum in opposition to respondent's motion for dismissal, that he was fired in retaliation for

---

1. A party's decision to rely on its trial court brief is permissible if the attorney feels he has covered all arguments adequately and has nothing new to raise. However, if this is done, it is helpful to the reviewing court if the attorneys would at least brief and argue to the appellate court the reasons they believe the trial court was right or wrong in its decision.

complaints he filed with the governor's office concerning:

1) administrative mismanagement at the Minneapolis Veterans Home; 2) misuse of agency funds by VA officials for personal benefit; 3) excessive salary increases awarded to senior VA officials in violation of State guidelines requiring salary increases based upon performance; and 4) gifts received by senior VA officials from private individuals in exchange for continued lobbying efforts.

## ISSUE

Did the administrative law judge properly dismiss appellant's appeal, finding the OAH lacked jurisdiction over the matter?

## ANALYSIS

### Standard of Review

On review of an ALJ's decision, this court will reverse only if substantial rights have been prejudiced and the decision is unsupported by substantial evidence based on the record as a whole. Minn.Stat. § 14.69(e) (1986). Substantial evidence is:

1. Such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;

2. More than a scintilla of evidence;

3. More than some evidence;

4. More than any evidence; and

5. Evidence considered in its entirety.

*Cable Communications Board v. Nor-West Cable Communications Partnership*, 356 N.W.2d 658, 668 (Minn.1984).

### Appellant's Status

Under Minn.Stat. § 43A.33, subd. 1 (1984), a permanent classified employee may not be "discharged, suspended without pay, or demoted, except for just cause." The DVA contends appellant is entitled only to protection afforded to unclassified employees under Minn.Stat. § 43A.07, subd. 6 (1984). Under § 43A.07, subd. 6, an unclassified employee can be terminated on 30 days prior notice. If appellant is permanent classified employee, he may not be discharged without an administrative hearing. However, if appellant is found

not to be a permanent classified employee, he would not be entitled to a just cause hearing and the OAH would not have jurisdiction over his case.

Appellant argues that, because he is on approved leave from a classified position, he is a permanent classified employee. He also argues that under § 43A.02, subd. 30 (1984), because he completed a six month probationary period, he is a permanent classified employee. He claims that at all times during his approved leave from the classified service, he was entitled to the protection afforded to classified employees. Appellant attained permanent status while in the classified service. This status remained in effect while he was a classified employee. However, once he left the classified service, his status changed from permanent to inactive. Minn.Stat. § 43A.07, subd. 5 (1984), states:

> An employee who is granted a leave of absence from a position in the classified service to accept a position in the unclassified service shall retain an inactive classified service status.

 We hold no statutory right of appeal accrues to employees holding inactive classified status. The ALJ correctly concluded that appellant's inactive classified status did not confer upon him permanent classified status or entitle him to a "just cause" hearing, but merely permitted him to return to a classified position when his unclassified position was terminated. Moreover, once appellant waived his rights to bump into the Personnel Director, Senior position, appellant no longer possessed permanent status necessary to institute an appeal under § 43A.33. His rights on termination, thus, are governed solely by Minn.Stat. § 43A.07.

■██ The terms and conditions of unclassified employment are governed by the Commissioner's Plan and the Managerial Plan promulgated pursuant to Minn.Stat. § 43A.18 (1984). Appellant argues that the policies outlined in ch. 9 of the Managerial Plan give him protection greater than that given an unclassified employee not on leave from a classified position:

A manager appointed to an unclassified position may be terminated at any time by the Appointing Authority and shall have no further rights to State employment *unless s/he is on an approved leave of absence from a position in the classified service.*

Managerial Plan, p. 9–3. He contends this language is authority for giving him the same protection he would have had in a classified position. We do not agree. We do not interpret this clause of the Managerial Plan to mean that an employee appointed to an unclassified position cannot be terminated at any time if the employee is on an approved leave from the classified service. If the legislature had intended to confer "just cause" protection on all unclassified employees on leave from the classified service, it would have expressly done so in the Managerial plan.

Appellant argues that by serving 9½ years in the classified service, he has earned the statutory safeguards of § 43A.33. He argues that he was denied the opportunity to return to a comparable position and could only have taken a lower paying job. His situation constitutes a demotion, appellant argues, and as a classified employee, he is entitled to an administrative hearing before he can be demoted. While we acknowledge the equities of appellant's argument, no authority supports his position.

Minn.Stat. § 43A.07, subd. 6 (1984) is directly on point and controls this matter:

> Except for just cause, an employee with permanent status shall not be removed from a position which is declassified for a period of one year following the declassification. An appointing authority may remove an incumbent of a declassified position after one year with 30 days prior notice. At any time after the declassification, and prior to the end of the thirty-day notice period, if he so requests, the employee shall be appointed within the same agency to a classified position comparable to the position that was declassified or, if a comparable position is unavailable, to a position in that agency comparable to that which he held immediately prior to being appointed to the declassified position.

More than one year passed between the date appellant accepted appointment to the unclassified position and the date he was terminated. Under § 43A.07, subd. 6, appellant received the proper notice prior to termination. We hold the ALJ properly decided the OAH did not have jurisdiction to hear this matter.

### DECISION

The administrative law judge properly dismissed this matter for lack of jurisdiction.

Affirmed.